IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



JAMES S. LESANE,

    Plaintiff,

v.                                                      Civil Action No. **3:09cv451**

PAMELA COLEMAN, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal inmate, filed this action. The matter is proceeding on the particularized complaint Plaintiff filed on November 20, 2009. In his particularized complaint, Plaintiff names as defendants his mother-in-law and father-in-law. Plaintiff contends that Defendants are liable to him for committing the state torts of trespass and alienation of affection. Plaintiff contends that the Court has jurisdiction under 28 U.S.C. § 1332(1).

### I. Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. Analysis

Plaintiff has invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1). Defendants are citizens of Virginia. Plaintiff particularized complaint and the Court's records reflect that, prior to his arrest, Plaintiff lived in and was a resident of Virginia. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." (*citing Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983))). Plaintiff now claims to be a citizen of state of New York where he is currently incarcerated.

There is a rebuttable presumption that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. *Jones v. Hardican*, 552 F.2d 249, 250-51 (8th Cir. 1977). To rebut the presumption that he retains his pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" *Id.* at 251 (*quoting Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973)). At the pleading stage, the prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.*; *accord Roberts v. Morchower*, No. 91-7688, 1992 WL 42885, at *1 (4th Cir. Mar. 2, 1992). Plaintiff has not plead any facts sufficient to plausibly suggest that he has changed his domicile to New York from Richmond. *Hardican*, 552 F.2d at 251; *Mugan v. McGuire Law Firm, P.C.*, No. 3:06cv03054, 2007 WL 1097564, at *4 (N.D. Iowa Apr. 12, 2007). Accordingly, the action will be DISMISSED for lack of jurisdiction.

An appropriate Order shall issue.

Dated: MAY 10 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge